UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TAYLOR-MORLEY, INC.,                )
                                    )
        Plaintiff(s),               )
                                    )
    vs.                             )        Case No. 4:07CV300 JCH
                                    )
CINCINNATI INSURANCE CO., et al.,   )
                                    )
        Defendant(s).               )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, filed March 9, 2007. (Doc.

No. 10). The matter is fully briefed and ready for disposition.

By way of background, on February 18, 2005, Joseph and Heather Findley, Timothy, Debra,

and Norma Hoestermann, and Mark and Vivian Ratliff (the "Homeowners"), collectively filed a

lawsuit in St. Clair County, Illinois, against Taylor-Morley, the housing developer and general

contractor that built their homes. (Defendant Cincinnati Insurance Company's Response to Taylor-

Morley, Inc.'s Motion to Remand ("Cincinnati's Response"), P. 1). Taylor-Morley reported the filing

of the suit to its insurance carrier, Cincinnati Insurance Company ("Cincinnati"), on or about March

23, 2005. (Id.). On March 29, 2005, Cincinnati responded with a reservation of rights letter,

advising Taylor-Morley there were potential coverage questions apparent from the face of the

Complaint. (Id.). Cincinnati sent supplemental reservation of rights letters, expressly reserving its

right to file a declaratory judgment action, on March 14, 2006, and June 20, 2006. (Id., PP. 1-2).

On December 21, 2006, Cincinnati filed a declaratory judgment action against Taylor-Morley

in the United States District Court for the Southern District of Illinois. (Cincinnati's Response, P.

2). The next day, Taylor-Morley filed a competing declaratory judgment action against Cincinnati

in the Circuit Court of St. Louis County, Missouri. (Id.).[1] On February 9, 2007, Cincinnati removed Taylor-Morley's Missouri state court action to this Court, on the basis of diversity jurisdiction. (Doc. No. 1).[2]

As stated above, Taylor-Morley filed the instant Motion to Remand on March 9, 2007, asking that the Court remand this action to allow a Missouri state court to determine issues of Missouri insurance law under a Missouri insurance contract. (Taylor-Morley's Memo in Support, P. 2). Taylor-Morley cites to Melahn v. Pennock Ins., Inc., 965 F.2d 1497 (8th Cir. 1992), in support of its assertion that abstention may be appropriate in order to remand a cause of action to state court. (Id., P. 4).

In Melahn, the Eighth Circuit held a district court possesses the authority to remand a case to state court based on abstention. Melahn, 965 F.2d at 1501. The Court continued to hold, however, that such abstention under Burford v. Sun Oil Co., 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed.2d 1424 (1943), "was 'the exception and not the rule,' and should be used 'only in the extraordinary and narrow circumstances where it would clearly serve an important countervailing interest.'" Melahn, 965 F.2d at 1506, quoting Bilden v. United Equitable Ins. Co., 921 F.2d 822, 826 (8th Cir. 1990). The Court further recognized that federal courts are not required to abstain, even when the criteria for abstention are met. Melahn, 965 F.2d at 1506, citing Bilden, 921 F.2d at 826.

---

[1] In its declaratory judgment action, Taylor-Morley seeks a declaratory ruling that insurance policies issued to it by Cincinnati provide coverage for the claims asserted against Taylor-Morley by the Homeowners in the Illinois state court suit. (Plaintiff Taylor-Morley, Inc.'s Memorandum in Support of its Motion to Remand ("Taylor-Morley's Memo in Support"), P. 1).

[2] Cincinnati has since moved the Court to dismiss the instant action, or transfer it to the United States District Court for the Southern District of Illinois. (Doc. No. 7). Briefing on Cincinnati's motion is not yet complete.

Upon consideration of the foregoing, the Court declines to remand the instant case to state court on the basis of abstention. Specifically, the Court finds this case fails to present an extraordinary circumstance, justifying the employment of abstention. See Melahn, 965 F.2d at 1507 (citation omitted) ("[T]he factors favoring abstention are simply insufficient in weight and number to overcome the strong preference for the exercise of federal jurisdiction...").[3]  Taylor-Morley's Motion to Remand will therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Taylor-Morley, Inc.'s Motion to Remand (Doc. No. 10) is **DENIED**.


Dated this <u>11th</u> day of April, 2007.


<u>/s/ Jean C. Hamilton</u>
UNITED STATES DISTRICT JUDGE

---

[3] Upon consideration, the Court finds abstention under <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), to be inappropriate as well.